810 F.2d 199
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny E. AUSTIN, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE, Defendant-Appellee.
 No. 85-5950.
 United States Court of Appeals, Sixth Circuit.
 Nov. 7, 1986.
 
 Before LIVELY, Chief Judge and MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of appellant's appeal from the district court's judgment dismissing his complaint for alleged employment discrimination. The matter has been referred to a panel of the court pursuant to Rule 9, Rules of the Sixth Circuit. Upon examination of the certified record and the parties' briefs, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Appellant filed a complaint under Title VII in the district court alleging that defendant has a discriminatory employment entrance examination policy which has a disparate impact on poor Black, applicants. Appellant is a former employee of defendant. He was criminally convicted and discharged from employment for attempting to commit fraud in defendant's employment testing procedures. Eventually defendant determined that appellant is unsuitable for further employment with the U.S. Postal Service. As a result his eligibility rating was placed in defendant's inactive file. This decision, affirmed by the Merit Protection Board and unappealed by appellant, became a final decision on October 23, 1984.
 
 
 3
 The district court, upon consideration of appellants Title VII complaint, dismissed the action holding that appellant lacked standing because he could not demonstrate "injury in fact" from defendant's alleged discriminatory act. Appellant appealed.
 
 
 4
 Upon consideration, this court finds that the district court's judgment must be affirmed. The decision of the Merit Protection Board that appellant is unsuitable for employment is a final decision and foreclosed from further review. See Baskin v. Tennessee Valley Authority, 382 F.Supp. 641 (1974), affirmed without opinion, 519 F.2d 1402 (6th Cir.1975). In view of that decision, appellant cannot be employed by defendant given any testing procedures. As such, he lacks standing in this matter being unable to demonstrate injury from defendant's alleged discrimination. See Valley Forge Christian College v. Americans United for Separation of Church and State Inc., et al., 454 U.S. 464 (1982). The exercise of judicial power is restricted to litigants who can show "injury in fact" resulting from the action which they seek to have the court adjudicate. Id.
 
 
 5
 It is therefore ORDERED that the district court's judgment be and hereby is affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.